IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X   No. 07 Civ 3856
SISLYN DYKE

Plaintiff,
 vs.

WALMART STORES, INC.            **AMENDED COMPLAINT**
COTT BEVERAGES INC.,
JOHN DOE 1-10, XYZ, INC 1-10  :
ten names being fictitious and
unknown to the plaintiff, the person
or parties intended being the persons
or parties, if any,
Defendant
-------------------------------------X

The Plaintiff Sisyln Dyke, by and through her counsel of record, The Law Office of Shmuel Klein, P.C., allege and complain upon information and belief as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, diversity of citizenship, because Sislyn Dyke is a resident of New York, the defendant's principal place of business is outside of New York, and the amount in controversy exceeds SEVENTY FIVE THOUSAND ($75,000.00) Dollars, exclusive of interest and costs. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367.

2. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the plaintiff resides in this district, and the defendants engaged in substantial business in this district.

## PARTIES

3. Plaintiff Sislyn Dyke, at all material times, was and remains a resident of Rockland County, New York. The plaintiff is 66 years old.

4. Upon information and belief, the Defendant WAL-MART STORES INC., is a corporation with its principal place of business in Bentonville, Arkansas. Upon information and belief, at all material times the defendant Wal-Mart owned and operated the Wal-Mart store located on 250 Route 59, Suffern, New York and was engaged in its ordinary course of business servicing and selling of food and other retail products to customers at that location.

5. Upon information and belief, Cott Beverages Inc. is a manufacturing and distributing corporation with its corporate headquarters located at 4211 West Boy Scout Boulevard, Suite 290, Tampa Florida 33601.

6. John Does are various manufacturers, distributors and contractors of and for Wal-Mart stores Inc., who were involved in the manufacturing, distributing, or sale of the contaminated soda.

## FACTS

7. On or about August 4th, 2006 the plaintiff purchased a case of soda amongst other items from the aforementioned Wal-Mart Store located in Suffern, NY. 2 days later, on or about August 6th, 2006 plaintiff opened a can to drink the soda. Because Plaintiff was very thirsty at the time, she drank quickly, noticing rather after a few sips that it tasted "bad". Plaintiff at that time also felt a solid mass bump against her lips. Plaintiff spat out the soda in her mouth and poured what was in her soda can into a cup to look at the solid mass. Her son, Paul Dyke, was witness to all this.

8. The solid mass was 3-4 centimeters long, black, slimy and smelled "bad".

## THE PLAINTIFFS ILLNESS

9. That same evening of drinking the soda, Plaintiff became very sick at night showing symptoms of heavy diarrhea, nausea and stomach cramps.

10. Laboratory Findings were as follows:

The specimen Plaintiff encountered with her mouth in the soda can was delivered and received by Stony Point Medical Association (Medilabs) on or about 08/08/2006. The ordering MD on the Report was Dr. Carroll S. Dreiss.

11. The microbiological findings in the report stated as follows:

Heavy growth of Acinetobacteria- (intestinal bacteria)

Heavy growth of Pseudomonas Fluorescens/Putida- (intestinal bacteria)

Rare growth of Klebsiella Oxytoca- (lung bacteria)

Heavy growth of Diphteroids- (bacteria that causes diphtheria)

12. Stony Point Medical Association in the same report listed 34 antibiotics for treatment. 2 showed resistance, 2 were intermediate, the rest were marked as sensitive.

## FIRST CAUSE OF ACTION (BREACH OF WARRANTY)

13. Plaintiff incorporates by reference and makes a part of this cause of action each and every foregoing paragraph of this Complaint

14. Upon information and belief, the defendants are manufacturers, distributors and/or sellers of an adulterated food product, and the adulterated food product reached the plaintiff without substantial change from the condition in which the defendants sold it.

15. The defendants are subject to liability to the plaintiff for their breach of express and implied warranties made with respect to the contaminated food product sold to plaintiff, including the implied warranties of merchantability and of fitness for a particular use. Specifically, the defendants expressly warranted, through their sale of food to the public, and by the statements and conduct of their employees and agents, that the food sold to the plaintiff was fit for human consumption, and not otherwise adulterated or injurious to health.

16. Upon information and belief, the food sold by the defendants and consumed by plaintiff, which was contaminated with Intestinal and lung Bacterial growth and Bacterial growth causing diphtheria and related filth and adulteration, would not pass without exception in the trade, and was thus in breach of the implied warranty of merchantability.

17. Upon information and belief, the contaminated food sold by the defendants and consumed by the plaintiff was not fit for the uses and purposes intended by the plaintiff or the defendants, i.e., human consumption, and that this product was therefore in breach of the implied warranty of fitness for its intended use.

18. As a direct and proximate result of the breaches of warranty by defendants and their agents, servants, and/or employees, plaintiff suffered harm, injuries, damages, and losses in an amount to be determined at trial.

## SECOND CAUSE OF ACTION (STRICT LIABILITY)

19. Plaintiff incorporates by reference and makes a part of this cause of action each and every foregoing paragraph of this Complaint.

20. The defendants owed a duty to the plaintiff to manufacture, process, pack, ship, and sell food that was not adulterated, was fit for human consumption, was reasonably safe in construction, and was free of any Bacterial growth or other substances injurious to human health. Upon information and belief, the defendants breached this duty.

21. The defendants owed a duty to the plaintiff to provide adequate warnings about the non-obvious danger of their food products, including warnings and instructions indicating that the food might contain intestinal Bacterial growth, lung bacterial growth and rare colonies of Klebsiella and bacteria causing Diphtheria. Upon information and belief, the defendants breached this duty.

22.     The defendants owed a duty to the plaintiff to prepare, serve, and sell food that was fit for human consumption, and that was safe to the extent contemplated by a reasonable and ordinary consumer. Upon information and belief, the defendants breached this duty.

23.     Because the food that the defendants manufactured, processed, packed, shipped and sold to plaintiff was adulterated, not fit for human consumption, not reasonably safe in design and construction, lacked adequate warnings and instructions, and was unsafe to an extent beyond that contemplated by the ordinary consumer, the defendants are liable to the plaintiff for the harm proximately flowing from the plaintiffs consumption of the defendants' contaminated and adulterated food products, and as such the defendants are strictly liable to plaintiff for the harm, injuries, damages, and losses sustained by plaintiff.

24.     As a direct and proximate result of the conduct by defendants and their agents, servants, and/or employees, plaintiff suffered harm, injuries, damages, and losses in an amount to be determined at trial.

### THIRD CAUSE OF ACTION: VIOLATION OF NEW YORK AGRICULTURE AND MARKETS LAW, C. 69, ARTICLE 17, § 198 et seq.

25. Plaintiff incorporates by reference and makes a part of this cause of action each and every foregoing paragraph of this Complaint.

26. Upon information and belief, the food that defendants processed, manufactured, packaged and/or sold, and that the plaintiff eventually consumed, was adulterated within the meaning of New York Agriculture And Markets Law, c. 69, Article 17, § 200 and similar statutes because it contained a deleterious substance that rendered it injurious to health, i.e., Intestinal, lung and diphtheria causing bacteria.

27. Upon information and belief, the food that defendants processed, manufactured, packaged and/or sold, and that the plaintiff eventually consumed, was adulterated within the meaning of New York Agriculture And Markets Law, Article 17, § 200 (11) and because it falls below the standard of purity, quality or strength which it purports or is represented to possess.

28. Because the food that the defendants manufactured, processed, packed, shipped and sold to plaintiff was adulterated, not fit for human consumption, not reasonably safe in design and construction, lacked adequate warnings and instructions, and was unsafe to an extent beyond that contemplated by the ordinary consumer, the defendants are liable to the plaintiff for the harm proximately flowing from the plaintiffs consumption of the defendants' contaminated and adulterated food products, and as such the defendants are strictly liable to plaintiff for the harm, injuries, damages, and losses sustained by plaintiff.

29. As a direct and proximate result of the conduct by defendants and their agents, servants, and/or employees, plaintiff suffered harm, injuries, damages, and losses in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION (NEGLIGENCE)

30. Plaintiff incorporates by reference and makes a part of this cause of action each and every foregoing paragraph of this Complaint.

31. The defendants had a duty to comply with all statutory and regulatory provisions that pertained or applied to the manufacture, distribution, storage, labeling, and sale of the food in their retail food establishments, including the applicable provisions of the federal Food, Drug and Cosmetic Act, all of which prohibit the processing, manufacture, packaging, and sale of any food that is adulterated or otherwise injurious to health.

32.  Upon information and belief, the food that defendants processed, manufactured, packaged and/or sold, and that the plaintiff eventually consumed, was adulterated within the meaning of the federal Food, Drug and Cosmetic Act and similar statutes because it contained a deleterious substance that rendered it injurious to health, i.e., Intestinal, lung and diphtheria causing bacteria.

33.  Upon information and belief, the defendant's violated federal, state and local food safety regulations by processing, manufacturing, packaging and/or selling adulterated food. These federal, state, and local food safety regulations are applicable here, and establish a positive and definite standard of care in the processing, manufacture, packaging and/or sale of food. The violation of these regulations constitutes negligence.

34.  Upon information and belief, the plaintiff is in the class of persons intended to be protected by these statutes and regulations, and plaintiff was injured as the direct and proximate result of the defendants' violation of applicable federal, state and local food safety regulations.

35.  Upon information and belief, the defendants were negligent in the processing, manufacture, packaging, distribution and sale of a food product that was adulterated with several Bacterial Growths, not fit for human consumption, and not reasonably safe because it failed to provide adequate warnings or instructions.

36.  Upon information and belief, defendants were also negligent in one or more of the following:

    a.  In failing to use supplies and raw materials in producing their food that were in compliance with applicable federal, state and local laws, ordinances and regulations;

    b.  In failing to use supplies and raw materials in producing their food that were from reliable sources;

  c. In failing to use supplies and raw materials in producing their food that were clean, wholesome, free from adulteration and fit for human consumption;

  d. In negligently selecting or retaining their suppliers, or other agents or subcontractors;

  e. In failing to adequately supervise their suppliers, or other agents or subcontractors or failing to provide them with adequate standards;

  f. In failing to properly supervise, train, discipline and monitor their employees, or the employees of their agents or subcontractors, engaged in the preparation and sale of its food products, to ensure compliance with the defendant's operating standards or with all applicable health regulations; and

  g. In failing to properly supervise, train, and monitor employees engaged in the manufacture, preparation, and delivery of the food product ultimately sold to the public and plaintiff.

37. As a direct and proximate result of the conduct of defendants and their agents, servants, and/or employees, plaintiff suffered harm, injuries, damages and losses in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION (NEGLIGENCE PER SE)

38. Plaintiff incorporates by reference and makes a part of this cause of action each and every foregoing paragraph of this Complaint

39. The defendants had a duty to comply with all applicable state and federal regulations intended to ensure the purity and safety of its food product, including the requirements of the Federal Food, Drug and Cosmetics Act (21 U.S.C. § 301 et seq.).

40. Upon information and belief, the defendants failed to comply with the provisions of the health and safety acts identified above, and, as a result, were negligent per se in their processing,

manufacture, packaging and sale of food adulterated with intestinal and lung bacterial growth and bacterial growth that causes diphtheria.

41. Upon information and belief, as a direct and proximate result of conduct by the defendants that was negligent per se, the plaintiff sustained harm, injuries, damages and/or losses in an amount to be determined at trial.

## DAMAGES

42. Plaintiff incorporates by reference and makes a part of this cause of action each and every foregoing paragraph of this Complaint

43. The plaintiff has suffered general, special, incidental, and consequential damages as the direct and proximate result of the acts and omissions of the defendants, in an amount that shall be fully proven at the time of trial. These damages include, but are not limited to: damages for general pain and suffering; damages for loss of enjoyment of life, both past and future; medical and medical related expenses, both past and future; travel and travel-related expenses, past and future; emotional distress, past and future; pharmaceutical expenses, past and future; and all other ordinary, incidental, or consequential damages that would or could be reasonably anticipated to arise under the circumstances.

## JURY DEMAND

The Plaintiff hereby demands a jury trial.

## PRAYER FOR RELIEF

**WHERFORE**, Plaintiff prays for judgment against the Defendant as follows:

Ordering compensation for all general, special, incidental, and consequential damages suffered by the Plaintiff as a result of the Defendant's conduct.

Awarding Plaintiff her reasonable attorneys fees and costs, to the fullest extent allowed by law; and

Granting all such additional and/or further relief as this Court deems just and equitable.

DATED: June ___, 2007
Spring Valley, NY                  _____/s/_____
                                   Shmuel Klein (SK 7212) Fed Court Only
                                   Law Office of Shmuel Klein, PC
                                   Attorneys for Plaintiff
                                   268 ROUTE 59
                                   Spring Valley, NY   10977
                                   (845) 425-2510